52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rebecca MERCER, also known as Rebecca Mercer Hensley,
Plaintiff-Appellant,
v.
Mary C. NOBLE, Judge, Fayette Circuit Court; Shelia Isaacs;
Robert F. Stephens; Fayette County Sheriff's
Department; John Doe(s), Fayette County
Sheriffs; Jean Watson,
Defendants-Appellees.
 Nos. 94-6617, 94-6620, 94-6621 and 94-6622.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 1
 Before: BOGGS, SILER and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 Rebecca Mercer, a pro se frequent litigator, appeals four district court judgments dismissing her complaints brought pursuant to 42 U.S.C. Sec. 1983 and 18 U.S.C. Sec. 1962, et seq., the Racketeer Influenced and Corrupt Organizations Act (RICO). These cases have been consolidated on appeal. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Mercer brought four separate lawsuits against the defendants pursuant to Sec. 1983 and RICO. The defendants are judges and a prosecutor for the Fayette County (Kentucky) Circuit Court and individuals in the Fayette County Sheriff's office. Mercer made various allegations including: 1) that Noble allowed Mercer's ex-husband to abuse and neglect Mercer's minor children and to commit perjury during their divorce proceedings; 2) that Isaacs failed to prosecute Mercer's ex-husband because he did not pay her child support and that Isaacs should criminally prosecute Mercer's ex-husband; 3) that Stephens erred when he issued an order denying Mercer's motion for discretionary review in her divorce proceedings on the same day that Mercer filed a lawsuit against Michael Moloney, her ex-husband's divorce attorney who also represented Judge Stephens in his divorce; and 4) that the Fayette County Sheriff's Department assisted in the abuse and abandonment of her minor children. Mercer requested that the district court order a criminal investigation of the Sheriff's Office for abuse of power.
 
 
 4
 A magistrate judge considered the four cases and Mercer's allegations and recommended dismissing all four complaints pursuant to 28 U.S.C. Sec. 1915(d). After de novo review in light of Mercer's objections, the district court adopted the recommendations of the magistrate judge and dismissed each case.
 
 
 5
 On appeal, Mercer's pro se brief is construed as arguing those claims which she raised in the district court. Mercer also attempts to add new defendants to her case and raise new claims concerning a real estate contract and mail fraud.
 
 
 6
 Concerning these new defendants and claims, this court will not allow Mercer to add new defendants to her lawsuit, nor will it consider Mercer's new arguments raised on appeal, because she did not properly present these claims to the district court for its review. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 In addition, Mercer did not state the capacity in which she was suing the individual state defendants. Consequently, they are considered as sued in their official capacity, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and they are therefore not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 8
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Mercer's lawsuit pursuant to 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 504 U.S. 25 (1992). Mercer's complaints were properly dismissed because Mercer fails to present claims with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Furthermore, the facts alleged in all four of Mercer's complaints do not set forth a valid RICO claim against any of the defendants. See 18 U.S.C. Sec. 1962(a)-(d); Palmer v. Nationwide Mut. Ins. Co., 945 F.2d 1371, 1374-75 (6th Cir.1991).
 
 
 9
 Accordingly, the district court's judgments are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation